Christopher Sproul (Cal. Bar No. 126398)
Stuart Wilcox (Cal. Bar No. 327726)
Brian Orion (Cal. Bar No. 239460)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone:  (415) 533-3376
Facsimile:  (415) 358-5695
Email: csproul@enviroadvocates.com
Email: wilcox@enviroadvocates.com
Email: borion@enviroadvocates.com

Attorneys for Plaintiff
OUR CHILDREN'S EARTH FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation, | Civil Case No. 20-cv-8530 |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| ANDREW R. WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency, | |
| Defendant. | |

Our Children's Earth Foundation ("OCE") alleges as follows:

**INTRODUCTION**

1.      OCE brings this action under section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2), against Andrew R. Wheeler, in his official position as Administrator of the U.S. Environmental Protection Agency ("EPA"). This Complaint challenges Administrator Wheeler's failure to timely assemble, publish, and publish notice in the Federal Register of, as required by section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), comprehensive documents setting forth the state implementation plans ("SIPs") for the States of California, Arizona, and Nevada.

**JURISDICTION**

2.      This Court has subject matter jurisdiction under section 304 of the Clean Air Act, 42 U.S.C. § 7604(a)(2), which allows any person to institute a lawsuit against the Administrator where the Administrator has failed to perform a nondiscretionary act under the Clean Air Act. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

3.      This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202.

4.      This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 7604(d).

5.      This Court has personal jurisdiction over Administrator Wheeler because he is an EPA official and EPA is an agency of the federal government operating within the United States.

**NOTICE**

6.      By letter dated September 6, 2020, OCE provided the Administrator with written notice of its claims concerning Administrator Wheeler's failure to carry out his duty to assemble, publish, and publish notice in the Federal Register of comprehensive SIP submissions for the 50 states, including California, Arizona, and Nevada. OCE provided this notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2, 54.3. Administrator Wheeler received this notice letter on September 21, 2020. Although more than 60 days have elapsed since OCE gave notice, Administrator Wheeler remains in

violation of the law. As a result, the Clean Air Act claims made in this Complaint are ripe for judicial review and the harm Administrator Wheeler has caused and will cause to OCE and its members and staff can be remedied by an order of this Court.

## **VENUE**

7.      Venue in the United States District for the Northern District of California is proper under section 304 of the Clean Air Act, 42 U.S.C. § 7604, and 28 U.S.C. § 1391(b) and (e) because a substantial part of the events or omissions giving rise to the claim occurred within this District, OCE resides in this District, and because EPA maintains its Region IX[1] headquarters in this District.

## **INTRADISTRICT ASSIGNMENT**

8.      Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(d) because EPA's Region IX headquarters, where the events or omissions that are the source of this lawsuit occurred, is located in San Francisco, California; OCE's principal place of business is located in Napa, California; and OCE's lead counsel resides in San Francisco, California.

## **THE PARTIES**

9.      Plaintiff OUR CHILDREN'S EARTH FOUNDATION is a non-profit corporation based in Napa, California that is dedicated to protecting the environment. OCE promotes public awareness of domestic and international environmental impacts through information dissemination, education, and private enforcement of environmental protection statutes. OCE enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin violations of environmental and government transparency laws. OCE has an active membership of people from all over the United States with a significant number of members residing in California, Arizona, and Nevada and in states harmed by interstate transport of air pollutants originating in California, Arizona, and Nevada.

---

[1] EPA Region IX's jurisdiction extends to California, Arizona, Nevada, Hawaii, the Pacific Islands, and 148 Tribal Nations.

10.     OCE is a non-profit corporation.  Therefore, OCE is a "person" within the meaning of 42 U.S.C. § 7602(e).  As such, OCE may commence a civil action under 42 U.S.C. § 7604(a).

11.     OCE has a direct stake in the outcome of this action.  As a result of Administrator Wheeler's failure to timely assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada, OCE is unable to ascertain the applicable federal clean air requirements, for purposes of education, advocacy, and enforcement, in the same fashion that OCE can with published laws.  As a result of Administrator Wheeler's failure to timely assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada, OCE's goals of education, advocacy, and enforcement of clean air laws are more difficult to achieve.  For example, ascertaining the applicable federal clean air requirements for purposes of education, advocacy, and enforcement is more time consuming, resulting in draining the few resources that are available to OCE for achieving its mission.  Comparisons between the different SIP provisions, which at times is essential for advocacy, is also impossible without up-to-date, published SIPs.

12.     A significant number of OCE's members live in, work in, and/or visit the states of California, Arizona, and Nevada and/or states harmed by interstate transport of air pollutants originating in California, Arizona, and/or Nevada. OCE's members and staff breathe the excessively polluted air when they are located in these states. Air pollution is exacerbated in these states where regulated entities are unaware of Clean Air Act requirements and where citizen and organization enforcement of Clean Air Act requirements is hampered by compromised availability of information on current standards, regulations, and rules. The health, wellbeing, and enjoyment of these members and staff have been and continue to be adversely affected by Defendant's failure to assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada in that, among other things, the SIPs are more difficult to enforce because of their inaccessibility to the public and publicly minded enforcement groups and because the standards are more difficult for regulated entities to ascertain and comply with. As a result, the interests of OCE and its members and staff have been, are being, and will continue to be irreparably harmed by the Administrator's failure to comply with his duty to

assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada.

13.     OCE has previously filed two lawsuits challenging the Administrator's failure to comply with his SIP assembly and publication duties across the Nation. *See Our Children's Earth Foundation v. EPA, et al.*, 01-cv-1475 (N.D. Cal. 2001) (EPA Region IX); *Our Children's Earth Foundation v. EPA, et al.*, 03-cv-1705 (N.D. Cal. 2003) (EPA Regions I-VIII and X). However, the Administrator is again failing to comply with his obligations with regard to these duties, requiring OCE to expend further resources in the present enforcement action.

14.     The violations alleged in this Complaint also deprive OCE and its members and staff of certain information associated with the Administrator's required actions regarding the comprehensive California, Arizona, and Nevada SIPs. These procedural, informational, and other injuries are directly tied to the other harms OCE and its members and staff are experiencing.

15.     The violations alleged in this Complaint have injured and continue to injure the interests of OCE and its members and staff. These injuries are traceable to the Administrator's failures to act. Granting the requested relief would redress these injuries by compelling the Administrator to act in compliance with what Congress has determined is an integral part of the regulatory scheme for attaining and maintaining National Ambient Air Quality Standards ("NAAQS"), discussed below.

16.     Defendant ANDREW R. WHEELER is Administrator of the EPA. Mr. Wheeler is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns the Administrator certain non-discretionary duties, including the SIP assembly and publication duties that serve as the basis of this lawsuit, and Administrator Wheeler has failed to comply with these duties.

17.     Administrator Wheeler failed to assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada. As of this filing, Administrator Wheeler's failure is ongoing.

**STATUTORY AND REGULATORY BACKGROUND**

18.     The Clean Air Act, 42 U.S.C. §§ 7401-7671q, enacted in 1970 and amended in 1977 and 1990, establishes a comprehensive program to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).  This program is founded on shared federal and state responsibility.

19.     Sections 108 and 109 of the Clean Air Act require EPA to establish, review, and revise nationally applicable standards for certain common air pollutants, called the NAAQS.  42 U.S.C. §§ 7408-7409.  The NAAQS establish permissible concentrations of those pollutants in the "ambient," or outside, air.

20.     Section 110 of the Clean Air Act, 42 U.S.C. § 7410, in turn requires each state to adopt, and submit to EPA for approval, a plan for the implementation, maintenance, and enforcement of the NAAQS in each air quality control region within the state.  These plans are known as SIPs, and states regularly submit revisions to the comprehensive SIP for their state.

21.     Among other things, SIPs contain controls on individual sources of air pollution as necessary to attain and maintain the NAAQS.  42 U.S.C. § 7410.  SIPs approved by EPA become federal law.  Thus, violations of SIP requirements, applicable to state agencies and individual sources of air pollution, are subject to enforcement actions by the United States, as well as by citizens.

22.     Section 110 of the Clean Air Act requires that any SIP submission that is approved, or portion thereof that is approved, be included in the comprehensive SIP for each state and that EPA must assemble, publish, and publish notice in the Federal Register of these comprehensive SIPs "[n]ot later than 5 years after the date of the enactment of the Clean Air Act Amendments of 1990 [enacted Nov. 15, 1990], and every 3 years thereafter…" 42 U.S.C. § 7410(h)(1); *see also* H.R. Rep. No. 95-294 at 15 (1977) (noting that Section 110 of the Clean Air Act "requires the Administrator to compile and . . . publish copies of each State's air pollution control plan which have been federally approved or promulgated.  The intended purpose of the section is to provide a clear statement for the State, industry, and the public of the air pollution rules which are in effect in each state.").

23.     Administrator Wheeler has failed to comply with his duties under Section 110 of the Clean Air Act.

## **FACTUAL BACKGROUND**

24.     This lawsuit concerns Administrator Wheeler's failure to timely assemble, publish, and publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada. These actions are now all overdue.

25.     Administrator Wheeler has failed to publish any updates to the "comprehensive" SIP for the State of California since 2017. *See* https://www.epa.gov/sips-ca/epa-approved-statutes-and-state-regulations-california-sip (most recent approved SIP revision dated March 21, 2017). This is despite the fact that EPA has approved amendments to the California SIP numerous times since 2017. *See, e.g.,* 84 Fed. Reg. 31,864 (Aug. 1, 2019) (final approval of revision to the State of California SIP). As discussed above, the Clean Air Act requires the Administrator to assemble and publish a comprehensive SIP for each state every three years, beginning five years after the November 1990 passage of the Clean Air Act Amendments of 1990. *See* 42 U.S.C. § 7410(h)(1). As a result, Administrator Wheeler failed to comply with at least his November 2019 obligation to assemble and publish the comprehensive SIP for California. As a result, the published "comprehensive" SIP for California is not available to anyone, including the public. The currently available "comprehensive" SIP for California is missing SIP revisions and, on information and belief, contains superseded SIP provisions that appear to be current to those reviewing the "comprehensive" California SIP.  Thus, Administrator Wheeler has frustrated the intended purpose of section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), with regard to the California SIP.

26.     Administrator Wheeler has failed to publish any updates to the "comprehensive" SIP for the State of Arizona since 2018. *See* https://www.epa.gov/sips-az/epa-approved-statutes-and-regulations-arizona-sip (most recent SIP revision dated February 2018). This is despite the fact that EPA has approved amendments to the Arizona SIP numerous times since 2018. *See, e.g.,* 83 Fed. Reg. 19,631 (June 4, 2018) (final approval of revision to the State of Arizona SIP). As discussed above, the Clean Air Act requires the Administrator to assemble and publish a comprehensive SIP for each state every three years,

beginning five years after the November 1990 passage of the Clean Air Act Amendments of 1990. *See* 42 U.S.C. § 7410(h)(1). As a result, Administrator Wheeler failed to comply with at least his November 2019 obligation to assemble and publish the comprehensive SIP for Arizona. As a result, the published "comprehensive" SIP for Arizona is not available to anyone, including the public. The currently available "comprehensive" SIP for Arizona is missing SIP revisions and, on information and belief, contains superseded SIP provisions that appear to be current to those reviewing the "comprehensive" Arizona SIP. Thus, Administrator Wheeler has frustrated the intended purpose of section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), with regard to the Arizona SIP.

27.    Administrator Wheeler has failed to publish any updates to the "comprehensive" SIP for the State of Nevada since 2014. *See* https://www.epa.gov/sips-nv/epa-approved-nevada-wide-air-quality-statutes-and-regulations#compiled (most recent SIP revision dated May 2014). This is despite the fact that EPA has approved amendments to the Nevada SIP numerous times since 2014. *See, e.g.,* 84 Fed. Reg. 44,699 (Nov. 26, 2019) (final approval of revision to the State of Nevada SIP). As discussed above, the Clean Air Act requires the Administrator to assemble and publish a comprehensive SIP for each state every three years, beginning five years after the November 1990 passage of the Clean Air Act Amendments of 1990. *See* 42 U.S.C. § 7410(h)(1). As a result, the EPA Administrator failed to comply with at least their November 2016 and November 2019 obligations to assemble and publish the comprehensive SIP for Nevada. As a result, the published "comprehensive" SIP for Nevada is not available to anyone, including the public. The currently available "comprehensive" SIP for Nevada is missing SIP revisions and, on information and belief, contains superseded SIP provisions that appear to be current to those reviewing the "comprehensive" Nevada SIP.  Thus, Administrator Wheeler has frustrated the intended purpose of section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), with regard to the Nevada SIP.

28.    Furthermore, on information and belief, the published "comprehensive" SIPs for California, Arizona, and Nevada are not comprehensive even to the date of their last publication or addition and are missing certain approved elements of these states' SIPs. This indicates that the EPA

Administrator's failure to assemble and publish comprehensive SIPs for California, Arizona, and Nevada appear to extend even further into the past than discussed above.

29.     In addition to Administrator Wheeler's failure to assemble and publish comprehensive SIPs for California, Arizona, and Nevada, Administrator Wheeler has also failed to publish notice in the Federal Register of the availability of the comprehensive SIPs for the states of California, Arizona, and Nevada. The EPA Administrator's last Federal Register notice indicating the availability of comprehensive SIPs for the states is from November 2013. *See* 78 Fed. Reg. 71,508 (Nov. 29, 2013) (EPA's last publication of a notice of the "Availability of Federally-Enforceable State Implementation Plans for All States"). As discussed above, the Clean Air Act requires the Administrator to publish these notices every three years, beginning five years after the November 1990 passage of the Clean Air Act Amendments of 1990. *See* 42 U.S.C. § 7410(h)(1). As a result, the EPA Administrator failed to comply with both their November 2016 and November 2019 obligations to publish notice in the Federal Register of the comprehensive SIPs for California, Arizona, and Nevada. This is yet another way in which the EPA Administrator frustrated the intended purpose of section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1).

## FIRST CLAIM FOR RELIEF

### Violation of the Clean Air Act – Failure to Assemble and Publish the
### Comprehensive California SIP

30.     OCE repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

31.     Administrator Wheeler last provided some updates to California's "comprehensive" SIP in 2017, despite EPA having approved revisions to the SIP since that time.

32.     On information and belief, the "comprehensive" California SIP is not even comprehensive through the date of this last update.

33.     Administrator Wheeler did not assemble and publish the comprehensive SIP for the State of California at least November 2019, as he is required to do by the Clean Air Act. *See* 42 U.S.C. § 7410(h)(1).

34.     Administrator Wheeler therefore has violated Section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely assemble and publish the comprehensive California SIP.

35.     These violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). Administrator Wheeler's violations are ongoing and will continue unless remedied by this Court.

### SECOND CLAIM FOR RELIEF

**Violation of the Clean Air Act – Failure to Assemble and Publish the**

**Comprehensive Arizona SIP**

36.     OCE repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

37.     Administrator Wheeler last updated the Arizona "comprehensive" SIP in 2018, despite EPA having approved revisions to the SIP since that time.

38.     On information and belief, the "comprehensive" Arizona SIP is not even comprehensive through the date of this last update.

39.     Administrator Wheeler did not assemble and publish the comprehensive SIP for the State of Arizona in at least November 2019, as he is required to do by the Clean Air Act. *See* 42 U.S.C. § 7410(h)(1).

40.     Administrator Wheeler therefore has violated Section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely assemble and publish the comprehensive Arizona SIP.

41.     These violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). Administrator Wheeler's violations are ongoing and will continue unless remedied by this Court.

**THIRD CLAIM FOR RELIEF**

**Violation of the Clean Air Act – Failure to Assemble and Publish the**

**Comprehensive Nevada SIP**

42.   OCE repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

43.   The EPA Administrator last updated Nevada's "comprehensive" SIP in 2014, despite EPA having approved revisions to the SIP since that time.

44.   On information and belief, the "comprehensive" Nevada SIP is not even comprehensive through the date of this last update.

45.   The EPA Administrator did not assemble and publish the comprehensive SIP for the State of Nevada in at least November 2016 and November 2019, as the Administrator is required to do by the Clean Air Act. *See* 42 U.S.C. § 7410(h)(1).

46.   The EPA Administrator therefore violated Section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely assemble and publish the comprehensive Nevada SIP.

47.   These violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). The EPA Administrator's violations are ongoing and will continue unless remedied by this Court.

**FOURTH CLAIM FOR RELIEF**

**Violation of the Clean Air Act – Failure to Publish Notice in the Federal Register of the**

**Comprehensive SIPs for California, Arizona, and Nevada**

48.   OCE repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

49.   The EPA Administrator last published notice in the Federal Register of the availability of comprehensive SIPs for every state, including California, Arizona, and Nevada, on November 29, 2013. *See* 78 Fed. Reg. 71,508.

50.     The EPA Administrator did not publish notice in the Federal Register of the comprehensive SIPs for the states of California, Arizona, and Nevada, or any other state, in either November 2016 or November 2019, as the Administrator is required to do by the Clean Air Act. *See* 42 U.S.C. § 7410(h)(1).

51.     The EPA Administrator has thus violated Section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely publish notice in the Federal Register of the availability of comprehensive SIPs for California, Arizona, and Nevada.

52.     These violations constitute "failure[s] of the Administrator to perform any act or duty under this chapter which [are] not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). Administrator Wheeler's violations are ongoing and will continue unless remedied by this Court.

## **REQUEST FOR RELIEF**

WHEREFORE, OCE respectfully requests that this Court enter judgment providing the following relief:

A. Pursuant to section 304 of the Clean Air Act, 42 U.S.C. § 7604, declare that Administrator Wheeler has failed to comply with section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely assemble and publish comprehensive SIPs for California, Arizona, and Nevada,

B. Pursuant to section 304 of the Clean Air Act, 42 U.S.C. § 7604, order Administrator Wheeler to comply with section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by promptly assembling and publishing comprehensive SIPs for California, Arizona, and Nevada on a court-ordered schedule,

C. Pursuant to section 304 of the Clean Air Act, 42 U.S.C. § 7604, declare that Administrator Wheeler has failed to comply with section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by failing to timely publish notice in the Federal Register of the availability of comprehensive SIPs for California, Arizona, and Nevada,

D.  Pursuant to section 304 of the Clean Air Act, 42 U.S.C. § 7604, order Administrator Wheeler to comply with section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by promptly publishing in the Federal Register notice of the availability of comprehensive SIPs for California, Arizona, and Nevada on a court-ordered schedule,

E.  Pursuant to section 304 of the Clean Air Act, 42 U.S.C. § 7604, order Administrator Wheeler to comply with section 110(h)(1) of the Clean Air Act, 42 U.S.C. § 7410(h)(1), by assembling, publishing, and publishing notice in the Federal Register of comprehensive SIPs for California, Arizona, and Nevada in November 2022 and every three years thereafter as required by the Clean Air Act,

F.  Pursuant to section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), order Administrator Wheeler to pay to OCE its costs of litigation, including reasonable attorney and expert witness fees, and

G.  Award such other and further relief as this Court deems just and proper or such other relief as OCE may subsequently request.

**RESPECTFULLY SUBMITTED, December 2, 2020.**

*Christopher a. Sproul*

Christopher Sproul (CA Bar No. 126938)
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
(415) 533-3376
csproul@enviroadvocates.com

*Attorney for Our Children's Earth Foundation*